1  Harold R. Jones (State Bar No. 209266)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, California 94111-4615
3  Telephone: (415) 394-9400
   Facsimile: (415) 394-9401
4  E-mail: Harold.Jones@jacksonlewis.com

5  Attorneys for Defendants
   CUSHMAN & WAKEFIELD U.S., INC. and
6  KEVIN O'HAIR

7

8                    UNITED STATE DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11 | CECILIA  VALDOVINOS, on behalf of      | Case No.
      herself and all others similarly situated,
12 |                                        | **DEFENDANT CUSHMAN &
                                              WAKEFIELD U.S., INC.'s NOTICE OF
13 |              Plaintiff,                 | REMOVAL OF ACTION TO
                                              FEDERAL COURT UNDER 28 U.S.C.
14 |         vs.                             | §§ 1332 AND 1441**

15 | CUSHMAN & WAKEFIELD U.S., INC. et      | **[DIVERSITY JURISDICTION]**
      al., KEVIN O'HAIR, and. Does 1 through 50,
16 | inclusive,                             |
                                              Complaint Filed:   01/07/2021
17 |              Defendants.                | Trial Date:        Not Set

18

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

TO THE HONORABLE CLERK OF THE U.S. DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, PLAINTIFF CECILIA VALDOVINOS AND HER ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Defendant CUSHMAN & WAKEFIELD U.S., INC. ("Cushman & Wakefield"), through its undersigned counsel, hereby removes the above-captioned action from the Superior Court of California in and for the County of Alameda to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332 and 1441(b) on the grounds that there is complete diversity of citizenship between Plaintiff Cecilia Valdovinos ("Plaintiff"), a citizen of the State of California, Defendant Cushman & Wakefield, a citizen of the States of Missouri and Illinois, and Defendant Kevin O'Hair ("O'Hair"), a citizen of the State of Nevada; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in Section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of filing of this Notice of Removal, as more fully set forth below:

## I.    THE STATE COURT ACTION

1.    This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Cushman & Wakefield pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.    On January 7, 2021, Plaintiff filed an unverified Complaint for Damages in the Superior Court of the State of California in and for the County of Alameda, entitled: *Cecilia Valdovinos v. Cushman & Wakefield U.S., Inc. et al., Kevin O'Hair, and Does 1 through 50, inclusive*, Case No. RG21085785 ("the State Court Action").

3.    Defendant Cushman & Wakefield was served with a copy of the Summons and the Complaint by personal service on or about February 16, 2021.  Defendant O'Hair was served with a copy of the Summons and the Complaint by personal service on or about February 12, 2021.   The Complaint asserts claims for: (1) Discrimination on the Basis of Sex; (2) Discrimination on the Basis of National Origin; (3) Discrimination on the Basis of Physical

1

Disability; (4) Harassment on the Basis of Sex; (5) Harassment on the Basis of National Origin: (6) Harassment on the Basis of Physical Disability; (7) Failure to Take Reasonable Steps to Prevent Discrimination & Harassment; (8) Retaliation; and (9) Constructive Wrongful Termination in Violation of Public Policy.  True and correct copies of the Summons, , Unverified Complaint for Damages ("Compl."), Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Notice of Hearing on Complex Determination and Case Management Conference, Alternative Dispute Resolution Information Packet, and a blank Stipulation to Attend Alternative Dispute Resolution and Delay Initial Case Management Conference for 90 Days, served upon Defendant Cushman & Wakefield are attached hereto as **Exhibit A**.

4.      On March 15, 2021, Defendants Cushman & Wakefield and O'Hair (collectively "Defendants") filed an Answer in the State Court Action.  A true and correct copy of Defendants' Answer is attached hereto as **Exhibit B**.  Accordingly, the documents listed in the preceding paragraph, and Defendants' Answer, which are respectively attached hereto as **Exhibits A** and **B**, constitute all process, pleadings, and orders served in the State Court Action.

## II.    <u>REMOVAL IS TIMELY</u>

5.      A defendant in a civil action has thirty (30) days from the date it is validly served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b)(1) ("[A] notice of removal of a civil action or proceeding shall be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (faxed file-stamped copy of complaint did not trigger removal period). Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons to file the notice of removal.  28 U.S.C. § 1446(b)(2)(B).  If there are multiple defendants who are served at different times, "any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  28 U.S.C. § 1446(b)(2)(C).

2

6.      Here, removal is timely because Defendant Cushman & Wakefield is filing this Notice within thirty (30) days after service upon it was complete.  Defendant Kevin O'Hair consents to this action.  (Declaration of Kevin O'Hair In Support of Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal ("O'Hair Decl."), ¶ 3.)

## III.    <u>VENUE IS PROPER</u>

7.      Although Cushman & Wakefield reserves the right to move for a transfer of venue to one most appropriate and convenient for the parties, it alleges that, for purposes of this removal, venue lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1441(a), which provides in pertinent part that "any civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  As stated above, Plaintiff brought this action in the Superior Court of the State of California in and for the County of Alameda.  Thus, for removal purposes, venue properly lies in the United States District Court for the Northern District of California under 28 U.S.C. §§ 84(a), 1391(a), 1441(a).

## V.     <u>DIVERSITY OF CITIZENSHIP</u>

8.      This action is one over which the Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed by Defendants pursuant to 28 U.S.C. § 1441.  This is a civil action where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

9.      For purposes of diversity of citizenship jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986).  An individual's domicile is the place they reside with the intention to remain or to which they intend to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is prima facie evidence of domicile).  Plaintiff alleges that she resided and continues to reside in the State of California.  (Compl., ¶ 2.)  Defendants are informed and believe that Plaintiff is a citizen

///

3

Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal  of Action to Federal Court
Under 28 U.S.C. §§ 1332 and 1441(a) [Diversity Jurisdiction]                    Case No. TBA

1    of the State of California, is domiciled in California, and was so domiciled at the time of filing

2    the Complaint.

3          10.    Defendant Kevin O'Hair is a citizen of the State of Nevada, is domiciled in

4    Nevada, and was so domiciled at the time of filing the Complaint.  (O'Hair Decl., ¶ 3.)

5          11.    A corporation is considered a citizen of any state in which it is incorporated and

6    the state where it has its principal place of business.  28 U.S.C. § 1332 (c)(1).  In *Hertz Corp v.*

7    *Friend*, 559 U.S. 77 (2010), the United States Supreme Court recognized and adopted the

8    "nerve-center" test to determine the state in which a corporation has its principal place of

9    business.  *Id.* at 93.  Under the "nerve-center" test, the principal place of business refers to the

10    place "where a corporation's officers direct, control, and coordinate the corporation's activities."

11    *Id.* at 92-93.

12          12.    At the time of the filing of this action, Cushman & Wakefield was, and still is, a

13    corporation organized and incorporated under the laws of the State of Missouri.  (Declaration of

14    Marie Smith In Support of Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal

15    ("Smith Decl."), ¶ 3.)  Cushman & Wakefield has not been incorporated in California.  (*Id.*)

16    Cushman & Wakefield's principal place of business is in the State of Illinois as it performs the

17    vast majority of its executive and administrative functions at its corporate headquarters in

18    Chicago, Illinois 60606.  (*Id.*)  Defendant Cushman & Wakefield's executive officers, including

19    the chairman, president, chief financial officer, executive vice-presidents, and general counsel,

20    maintain their offices at Defendant Cushman & Wakefield's headquarters in Illinois.  (*Id.* at ¶ 4.)

21    From its headquarters in Illinois, Defendant Cushman & Wakefield makes and implements

22    company-wide operating, distribution, financial, employee relations, marketing, development,

23    credit and consumer care, accounting, income tax, treasury, and legal policy decisions.  (*Id.* at

24    ¶ 5.)  Meetings of Defendant Cushman & Wakefield's Board of Directors and stockholders take

25    place in the state of Illinois.  (*Id.* at ¶ 6.)  Defendant Cushman & Wakefield's tax returns are also

26    filed from the state of Illinois.  (*Id.*)  Accordingly, Defendant Cushman & Wakefield is not a

27    citizen of the state of California.  Rather, Defendant Cushman & Wakefield is a citizen of the

28    states of Illinois and Missouri pursuant to the "nerve center" test and its incorporation.

13.     The only other defendants named in Plaintiff's Complaint are fictitious parties identified as "DOES 1 through 50," whose citizenship shall be disregarded for the purpose of removal.  28 U.S.C. § 1441(b)(1).  Thus, there are no other defendants to join in the removal of this action.

14.     The diversity element of 28 U.S.C. § 1332 removal is satisfied because Plaintiff is a citizen of California, Defendant Kevin O'Hair is a citizen of Nevada, and Defendant Cushman & Wakefield is a citizen of Missouri and Illinois.  Accordingly, there is "complete diversity."

## VI.    **AMOUNT IN CONTROVERSY**

15.     Plaintiff's Complaint does not specify a particular amount in controversy.  Where a plaintiff's state court complaint does not specify the particular amount of damages claimed, the United States Supreme Court has held "a defendant's notice of removal need include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and the statement need not contain evidentiary submissions.  *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  Removal is therefore proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims will exceed $75,000.  *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *Galt G/S v. JS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin. Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  These damages include those that can reasonably be anticipated at the time of removal, not merely those incurred.  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002); *see also Celestino v. Renal Advantage Inc.*, No. C 06-07788 JSW, 2007 WL 1223699 (N.D. Cal. April 24, 2007) ("[T]he amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal.").  If a plaintiff contests a defendant's allegations, defendant need only demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *See Sanchez*, *supra*, 102 F.3d at 404; *Williams v. Best Buy*

5

Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal  of Action to Federal Court
Under 28 U.S.C. §§ 1332 and 1441(a) [Diversity Jurisdiction]                    Case No. TBA

*Co., Inc.*, 269 F.3d 1316, 1319-1320 (11th Cir. 2001) (courts may consider factual statements in defendants' notice of removal in assessing removal jurisdiction).

16.     This Court's jurisdictional minimum, an amount in controversy in excess of $75,000, was satisfied at the time of the filing of this action, and still is satisfied, by the facts set forth herein and more specifically described below.  Defendant Cushman & Wakefield discusses below the allegations in Plaintiff's Complaint that are the subject of this matter solely to demonstrate that the amount in controversy in this matter exceeds $75,000.  In doing so, Defendant Cushman & Wakefield does not concede that Plaintiff is entitled to these damages or can recover damages in any amount whatsoever on any of her theories.

17.     Plaintiff seeks to recover compensatory damages as appropriate and available under each cause of action including, reasonable attorneys' fees, and punitive damages. (Compl., ¶¶ 20, 26, 39, 46, 52, 64, 71, 76 and Prayer for Relief, ¶¶ 1-4.)

18.     Based on the allegations in the Complaint, Defendant Cushman & Wakefield's conservative, good faith estimate of the value of this action if Plaintiff prevails and recovers the damages that she seeks is well in excess of $75,000.  Specifically, Defendant Cushman & Wakefield estimates the amount in controversy as follows:

### A.  Compensatory Damages

19.     Plaintiff's claim for compensatory damages, including lost prior and future earnings, must be based on her annual compensation during the time of her employment with Defendant Cushman & Wakefield.  According to Defendant Cushman & Wakefield's records, Plaintiff earned an annual salary of $120,000.  (Smith Decl., ¶ 10.)  She worked approximately forty (40) hours per week at the time of her voluntary resignation of employment in August 2019.  (*Id.*)  She therefore made approximately $2,307 per week.

20.     Plaintiff's employment with Defendant Cushman & Wakefield ended on August 27, 2019.  At the time of the filing of this Notice of Removal, Plaintiff will have been separated from employment with Defendant Cushman & Wakefield for approximately 81 weeks.  Had Plaintiff been employed through this period, and assuming she was only working 40 hours per week at an annual salary of $120,000, she would have earned approximately $186,867 ($2,307 x

6

81 weeks).  Additionally, Plaintiff will likely claim she is entitled to back pay during the time that elapses before trial.  Assuming approximately 12 months (or 52 weeks) elapse before this matter proceeds to trial, Plaintiff will likely claim entitlement to an additional $119,964 in back pay ($2,307 x 52 weeks) exclusive of interest.  Thus, to the extent Plaintiff asserts she is entitled to back pay, Plaintiff could recover around $306,831 in wages excluding interest.  Plaintiff's Complaint is devoid of any indication she has been able to mitigate her alleged damages.  Plaintiff has also not attached her complaint to the California Department of Fair Employment and Housing to her Complaint in order for Defendant Cushman & Wakefield to determine any other wage or expense claims.  Accordingly, Plaintiff is claiming entitlement to *at least* $306,831 in compensatory damages.

21.    Unspecified mental and emotional distress damages are also properly considered in calculating the amount in controversy.  *See Simmons v. PCR Tech.*, *supra*, 209 F. Supp. 2d at 1031-35 ("emotional distress damages in a successful employment discrimination case may be substantial.").  Plaintiff alleges that she "has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety, anger, frustration and other emotional distress, as well as physical manifestations of this emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof."  (Compl., ¶¶ 19, 25, 38, 45, 51, 63, 70, 75.)  Emotional distress damages awards in wrongful termination actions and actions based on retaliation frequently exceed the $75,000 amount in controversy on their own.  A review of jury verdicts in California state courts demonstrates as much.  *See, e.g., Jonathan Harris v. One America News Network, et. al.*, No. 37-2018-00033996-CU-OE-CTL, 2020 JURY VERDICTS LEXIS 54828 (San Diego Sup. Ct.) (jury awarded $180,000 for past noneconomic damages and $90,000 in future noneconomic damages in retaliation case); *Daryl Woodruff v. Pacific Gas & Electric*, No. CGC16556125, 2018 Jury Verdicts LEXIS 37232 (San Francisco Sup. Ct.) (jury awarded $150,000 for past noneconomic loss, including mental suffering in a retaliation/wrongful termination case); *Debra Loveless v. Kaiser Foundation Health Plan, Inc. et al.*, No. BC564550, 2018 Jury Verdicts LEXIS 19240 (Los Angeles Sup. Ct.) (jury awarded a combined total of $197,592 for past and future noneconomic damages in a retaliation/wrongful

7

termination case).  These awards demonstrate that, for diversity purposes, the value of Plaintiff's alleged emotional distress damages can alone exceed the $75,000 amount in controversy requirement.

### B. Punitive Damages

22. Plaintiff's Complaint also seeks recovery for punitive damages.  (Compl., ¶¶ 20, 26, 39, 46, 52, 64, 71, 76 and Prayer for Relief, ¶ 4.)

23. Without conceding that punitive damages are appropriate or applicable here, it is probable that a punitive damages award, if assessed, would exceed $75,000.  "Where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount."  *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Simmons*, *supra*, 209 F. Supp. 2d at 1033 (court may consider punitive damages recoverable under FEHA when determining the amount in controversy).

24. California courts have awarded plaintiffs significant punitive damages in employment actions alleging harassment or retaliation.  *See Rosario Juarez v. AutoZone Stores, Inc.*, No. 3:08-CV-00417-WVG, 2014 Jury Verdicts LEXIS 12142 (S.D. Cal. 2014) (punitive damages award of $185,000,000 in discrimination and harassment case); *Chopourian vs. Catholic Healthcare West*, No. 2:09-cv-02972-KJM-KJN, 2012 Jury Verdicts LEXIS 3544 (E.D. Cal. 2012) (punitive damages award of $125,000,000 in harassment case); *Roby v. McKesson Corp.*, 47 Cal. 4th 686 (2009) (holding that a punitive damage award of $1,905,000, equal to the compensatory damage award, was appropriate in FEHA case).

25. Therefore, if Plaintiff were to prevail at trial, she could be awarded a substantial amount of punitive damages, which must be taken into consideration in evaluating the amount in controversy requirement for purposes of removal.

### C. Attorneys' Fees

26. Plaintiff also seeks attorneys' fees under the California Fair Employment and Housing Act ("FEHA") pursuant to the California Government Code §12965.  (Compl., ¶¶ 20, 26, 39, 46, 52, 64, 71, 76 and Prayer for Relief, ¶ 2.)  Attorneys' fees are recoverable as a matter of right to the prevailing party under FEHA.  *See* Cal. Gov. Code § 12965.  Attorneys' fees may

8

be included in the amount in controversy if recoverable by statute or contract. *Galt G/S*, *supra*, 142 F.3d at 1155-56.  Thus, the Court must consider Plaintiff's request for attorneys' fees in assessing the amount in controversy requirement.

27.    Accordingly, based on a good faith estimate of the value of the claims asserted on the face of the Complaint, it is "more likely than not" that the amount at issue in this lawsuit exceeds the minimum amount required for diversity jurisdiction. *Sanchez*, *supra*, 102 F.3d at 404; *see*, *e.g.*, *Simmons*, *supra*, 209 F. Supp. 2d at 1031-35 (finding that the plaintiff's alleged lost income of $25,600 at the time of removal, included with unspecified amounts for medical expense damages, emotional damages, punitive damages, and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorneys' fees and punitive damages, was sufficient to exceed the $75,000 minimum required to establish diversity jurisdiction, even though plaintiff had only specified $13,000 in damages from lost income at the time of removal).

**VII.    CONSENT**

28.    All Defendants consent to removal of this action to federal court pursuant to 28 U.S.C. § 1446(b)(2).  (Decl. of O'Hair.)

29.    As required by 28 U.S.C. § 1446(d), Defendant Cushman & Wakefield is providing notice of this Removal to Plaintiff through its attorney of record.

30.    As required by 28 U.S.C. § 1446(d), attached as **Exhibit C** is a copy of the Notice to Adverse Party, which along with a copy of the Original Notice of Removal, will be filed in the Superior Court of the State of California in and for the County of Alameda and served upon Plaintiff's counsel.

31.    In the event that this Court has a question regarding the propriety of this Notice of Removal, Defendant Cushman & Wakefield respectfully requests that the Court issue an Order to Show Cause so that the Defendant Cushman & Wakefield may have an opportunity to

Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal  of Action to Federal Court
Under 28 U.S.C. §§ 1332 and 1441(a) [Diversity Jurisdiction]                           Case No. TBA

supplement this Notice by providing a more detailed brief outlining the basis for this Removal.

WHEREFORE, Defendant Cushman & Wakefield requests that this Court assume jurisdiction of this entire action and make such further orders as may be required to properly determine this controversy.

Dated:  March 18, 2021                                JACKSON LEWIS P.C.


By: _____/s/_____
                                   Harold R. Jones
                                   Attorneys for Defendants
                                   CUSHMAN & WAKEFIELD U.S., INC.
                                   and KEVIN O'HAIR

4832-4545-5328, v. 1

Defendant Cushman & Wakefield U.S., Inc.'s Notice of Removal  of Action to Federal Court
Under 28 U.S.C. §§ 1332 and 1441(a) [Diversity Jurisdiction]                    Case No. TBA

# EXHIBIT A

## CT Corporation

**Service of Process Transmittal**
02/16/2021
CT Log Number 539057382

**TO:**  Neetu Sehgal, Associate General Counsel
C&W Facility Services Inc.
140 KENDRICK ST BLDG C STE 201
NEEDHAM, MA 02494-2739

**RE:**  **Process Served in California**

**FOR:**  Cushman & Wakefield U.S., Inc.  (Domestic State: MO)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | CECILIA VALDOVINOS, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, PLTF. vs. CUSHMAN & WAKEFIELD U.S., INC., ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # RG21085785 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 02/16/2021 at 01:55 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 02/16/2021, Expected Purge Date: 02/21/2021<br><br>Image SOP<br><br>Email Notification,  Neetu Sehgal  neetu.sehgal@cwservices.com<br><br>Email Notification,  Ryan Lawrence  ryan.lawrence@cushwake.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>818 West 7th Street<br>Los Angeles, CA 90017<br>866-203-1500<br>DealTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                    Tue, Feb 16, 2021

**Server Name:**             Dion Jones

| Entity Served | CUSHMAN & WAKEFIELD U.S., INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | RG21085785 |
| Jurisdiction | CA |



**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| |
|---|
| **NOTICE TO DEFENDANT:** |
| *(AVISO AL DEMANDADO):* |
| CUSHMAN & WAKEFIELD U.S., INC. et al., KEVIN O'HAIR, and |
| and Docs 1 through 50, inclusive |
| |
| **YOU ARE BEING SUED BY PLAINTIFF:** |
| *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* |
| CECILIA VALDOVINOS, on behalf of herself and all others similarly |
| situated |

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

JAN 07 2021

CLERK TANIA PIERCE OR COURT
By _____
Deputy

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA<br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br>Rg 21085785 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Robin G. Workman    (Bar # 145810)          Fax No.: (415) 788-1028
Workman Law Firm, PC                          Phone No.: (415) 782-3660
177 Post Street, Suite 800, San Francisco, CA 94108

| | | |
|---|---|---|
| DATE:<br>*(Fecha)*  JAN 07 2021 | Chad Finke Clerk, by<br>*(Secretario)*  TANIA PIERCE | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

| | |
|---|---|
| [SEAL] | **NOTICE TO THE PERSON SERVED:** You are served<br>1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* CUSHMAN & WAKEFIELD U.S., INC.,<br><br>under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov<br>*LexisNexis® Automated California Judicial Council Forms* |

ENDORSED
FILED
ALAMEDA COUNTY

JAN 07 2020

CLERK OF THE SUPERIOR COURT
By _____
TANIA PIERCE    Deputy

1   WORKMAN LAW FIRM, PC
    Robin G. Workman (Bar #145810)
2   robin@workmanlawpc.com
    177 Post Street, Suite 800
3   San Francisco, CA 94108
    Telephone: (415) 782-3660
4   Facsimile: (415) 788-1028

5   *Attorneys for Plaintiff, Cecilia Valdovinos,*
    *on behalf of herself and all others similarly situated,*
6

7

8

9

10

11                    SUPERIOR COURT OF CALIFORNIA

12                        COUNTY OF ALAMEDA

13

14
    CECILIA VALDOVINOS, on behalf of herself and    Case No. RG21085985
15  all others similarly situated,
16                                                   **COMPLAINT**
                Plaintiff,
17                                                   Unlimited Civil Case
          vs.                                        The Amount Demanded Exceeds $25,000
18
    CUSHMAN & WAKEFIELD U.S., INC.
19  et al., KEVIN O'HAIR, and Does 1 through 50,
    inclusive,
20
                Defendants.
21

22

23

24

25

26

27

28

1    Plaintiff Cecilia Valdovinos ("Valdovinos" or "Plaintiff"), by her attorneys, brings this

2    action on behalf of herself, and hereby alleges as follows:

3                                    **SUMMARY OF CLAIMS**

4    1.       That Defendant Cushman & Wakefield U.S., Inc. ("CW") and Defendant Kevin

5    O'Hair ( "O'Hair") (collectively "Defendants"), engaged in the following illegal activities: (1)

6    CW discriminated against Plaintiff on the basis of her sex, female, in violation of California

7    Government Code section 12940(a); (2) CW discriminated against Plaintiff on the basis of her

8    national origin, Mexican-American, in violation of California Government Code section 12940(a);

9    (3) CW discriminated against Plaintiff on the basis of her physical disability, Bell's Palsy, in

10   violation of California Government Code section 12940(a); (4) CW and O'Hair harassed Plaintiff

11   on the basis of her sex in violation of California Government Code section 12940(j) by engaging

12   in a course of conduct intentionally designed to harass Plaintiff on the basis of her sex; (5) CW

13   and O'Hair harassed Plaintiff on the basis of her national origin in violation of California

14   Government Code section 12940(j) by engaging in a course of conduct intentionally designed to

15   harass Plaintiff on the basis of her national origin; (6) CW and O'Hair harassed Plaintiff on the

16   basis of her physical disability in violation of California Government Code section 12940(j) by

17   engaging in a course of conduct intentionally designed to harass Plaintiff on the basis of her

18   physical disability;  (7) CW failed to take all reasonable steps necessary to prevent discrimination

19   from occurring in the workplace, in violation of California Government Code section 12940(k);

20   (8) CW retaliated against Plaintiff for her protected complaints about the discriminatory,

21   harassing, and retaliatory actions of Defendants CW and O'Hair, by, including but not limited to,

22   creating such a hostile work environment for Plaintiff that culminated in Plaintiff's work

23   environment becoming so intolerable, she had no reasonable alternative but to resign on or about

24   August 27, 2019; and (9) CW constructively wrongfully terminated Plaintiff in retaliation for

25   Plaintiff making complaints about the discriminatory and harassing actions of Defendants, in

26   violation of California Government Code section 12940, and in violation of public policy, by

27   violating article I, section 8, of the California Constitution.

28

1

## JURISDICTIONAL ALLEGATIONS

2      2.      Plaintiff is, and at all times herein mentioned was, a resident of the State of

3    California.  Plaintiff worked for Defendant CW in the position of Firm Facilitating Manager,

4    supervising projects and vendors, from approximately November 2018 to approximately August

5    27, 2019, in Pleasanton, California.

6      3.      Defendant CW is, and at all relevant times was, a corporation doing business within

7    the State of California, including in Alameda County, and employs more than five (5) persons.

8    Defendant CW is therefore an employer under California Government Code sections 12926(d)

9    which defines an employer to include "any person regularly employing five or more persons[.]"

10     4.      Defendant O'Hair is, and at all times herein mentioned was, a resident of the State

11   of California.  During the first part of Plaintiff's employment at CW, O'Hair directly supervised

12   Plaintiff.  At all times during Plaintiff's employment, O'Hair operated out of the same collective

13   desk area as Plaintiff and had frequent contact with Plaintiff.  At all times during Plaintiff's

14   employment, O'Hair was a manager at CW.

15     5.      Venue is proper in Alameda County pursuant to California Code of Civil Procedure

16   sections 395(a) and 395.5, in that the acts alleged herein occurred where Plaintiff worked for

17   Defendant CW, and with Defendant O'Hair, in Pleasanton, California, which is in Alameda

18   County, and Defendant CW maintains an office and transacts business in Alameda County.

19     6.      The names and capacities of defendants sued herein under California Code of Civil

20   Procedure section 474 as Does 1 through 50, inclusive, are presently not known to Plaintiff, who

21   therefore sues these defendants by such fictitious names.  Plaintiff will seek to amend this

22   Complaint and include these Doe defendants' names and capacities when they are ascertained.

23   Each fictitiously named defendant is responsible in some manner for the conduct alleged herein

24   and for the injuries suffered by Plaintiff.

25     7.      At all times mentioned in the causes of action alleged herein, each and every

26   Defendant was an agent and/or employee of each and every other Defendant.  In doing the things

27   alleged in the causes of action stated herein, each and every Defendant was acting within the

28   course and scope of this agency or employment and was acting with the consent, permission and

1   authorization of each of the remaining Defendants.  All actions of each Defendant as alleged in the

2   causes of action stated herein were ratified and approved by every other Defendant or their

3   officers or managing agents.

4                                    **GENERAL ALLEGATIONS**

5       8.          During Plaintiff's employment, O'Hair subjected Plaintiff to harassing commentary

6   and treatment, due to her sex.  Plaintiff also experienced and heard commentary directed toward

7   other women by O'Hair that reflected bias against and harassing treatment toward women in the

8   workplace.  O'Hair frequently made derogatory comments to, or in the presence of, Plaintiff and

9   other women, including the following:

10      • "Do you like my '70s porno mustache? Would you like to sit on it?" to Plaintiff;

11      • A male employee stated, "You're harassing me!" O'Hair asked, "am I doing a good

12         job?"

13      • Discussing a contracting company not charging double time: "This is why we need to

14         get another vendor- I don't mind being raped once in a while but then it becomes

15         like, really, again?" Plaintiff stated this comment was inappropriate, to which O'Hair

16         laughed.

17      • Telling Plaintiff, as opposed to male workers, that she would need to work the night

18         shift to "babysit" a janitorial crew;

19      • Commenting in front of Plaintiff that a male employee was an exotic dancer, to

20         which that male employee responded by pretending he was exotic dancing at his

21         desk;

22      • After a male employee made an excited sound, O'Hair dismissed him stating, "you

23         sound like a girl."  That male employee responded, "a woman is present, you

24         shouldn't say that" (indicating Plaintiff), to which O'Hair laughed and said, "Well,

25         you do!"; and

26      • Closely whispering to Plaintiff that another female employee left the company

27         "because she's a bitch," to which Plaintiff responded, "you shouldn't say that" and

28

1     O'Hair replied, "well she is, you seen it...man after working with her you will have

2         to go in the corner and smoke some weed."

3     9.        During Plaintiff's employment, O'Hair subjected Plaintiff to harassing commentary

4     and treatment, due to her national origin of Mexican-American.  Plaintiff also experienced and

5     heard commentary directed toward other Mexican-Americans by O'Hair that reflected bias against

6     and harassing treatment toward Mexican-Americans in the workplace.  O'Hair frequently made

7     derogatory comments to, or in the presence of, Plaintiff and other Mexican-Americans, including

8     the following:

9         • "You guys are Mexican aren't you going to be making tamales";

10        • "You will be really busy in the next few weeks, will be a slave with no days off and

11             no ability to work from home"; and

12        • In a discussion with Paul regarding the need to fill an open position, O'Hair stated

13             "that he has a bad reputation with Hispanic individuals."

14    10.       During Plaintiff's employment, O'Hair subjected Plaintiff to harassing commentary

15    and treatment, due to her physical disability of Bell's Palsy, as well as her association with her

16    daughter, who O'Hair knew had a learning disability.  Plaintiff also experienced and heard

17    commentary directed toward other individuals associated with disabled individuals by O'Hair that

18    reflected bias against and harassing treatment toward physically disabled people in the workplace.

19    O'Hair frequently made derogatory comments to, or in the presence of, Plaintiff and other persons

20    associated with those who have disabilities, including the following:

21        • O'Hair, who had knowledge of Plaintiff's physical disability and its effect on

22             Plaintiff's face, would make statements to Plaintiff about the "apparent" stress on her

23             face and needed to relax.  The inference Plaintiff was supposed to get from O'Hair's

24             statements were that Plaintiff needed to relax lest she be afflicted with her physical

25             disability again.

26        • During a meeting, another employee made a comment about gestures O'Hair made

27             and compared the gestures to Michael J. Fox, inferring that O'Hair's gestures

28             resembled someone who suffered from Parkinson's disease.  O'Hair humorously

COMPLAINT                                    -5-                              3306\COMPLAINT

1   affirmed this employee's comment.  Plaintiff stated this comment was offensive and

2   explained that she has a daughter that suffers from disabilities and a deceased brother

3   who had suffered from disabilities.

4       11.    As a result of this harassment, Plaintiff reported O'Hair's behavior to her direct

5   manager Shannon Prince-Thomas ("Prince-Thomas"), the account manager Stephanie Grey

6   ("Grey"), and the Senior Human Resources Manager Laura McCorry ("McCorry").  Instead of

7   remedying O'Hair's behavior, Plaintiff's managers and CW's Human Resources department took

8   no action against the O'Hair.  After realizing that O'Hair's behavior had not be remedied, Plaintiff

9   again went to Prince-Thomas with her complaint.  Instead of reassuring Plaintiff that some

10  corrective action would be taken, Prince-Thomas responded that Plaintiff "was a big girl" and that

11  she "could handle it."

12      12.    On August 27, 2019, Grey made a statement to Plaintiff and O'Hair that all

13  employees working on a particular account needed to focus and that these employees cannot take

14  days off to "deal with people getting trampled," which was a direct reference to a prior incident in

15  which the Plaintiff had to take time away from work to assist her disabled mother who was injured

16  during a robbery and subsequent rush of individuals seeking safety.  As a result of Grey's targeted

17  comment, the aforementioned discrimination, harassment, and retaliation by O'Hair, and CW's

18  inability to provide adequate remedy, Plaintiff's workplace became intolerable and resulted in her

19  constructive discharge.

20      13.    Plaintiff filed a timely charge of discrimination, harassment, retaliation and

21  wrongful termination with the Department of Fair Employment and Housing ("DFEH") and, on or

22  about June 17, 2020, received a timely notice of the right to sue in California Superior Court

23  pursuant to California Government Code section 12965(b), permitting Plaintiff to bring this

24  action.  Therefore, Plaintiff exhausted all of her administrative remedies.

25  **FIRST CAUSE OF ACTION**

26  **(Discrimination on the Basis of Sex: Cal. Gov. Code § 12940(a))**
    **(Against CW Only)**

27      14.    Plaintiff incorporates by reference the allegations contained in the foregoing

28  paragraphs of this complaint as if fully set forth herein.

15.     At all times material hereto, Plaintiff was an employee covered by California Government Code section 12940(a), which prohibits discrimination in employment based on sex.

16.     Pursuant to California Government Code section 12926(r), "sex" includes, but is not limited to, "a person's gender." "Gender" is further defined as "a person's gender identity and gender expression." "Gender expression" is further defined as "behavior whether or not stereotypically associated with the person's assigned sex at birth." The sex and gender to which Plaintiff identifies are female and woman.

17.     During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected Plaintiff, on the basis of her sex, to harassing commentary, including, but not limited to, asking Plaintiff sexually explicit questions, making jokes alluding to rape, implying Plaintiff was better suited than her male coworkers to "babysit" staff members, stating that coworkers were akin to exotic dancers, stating that a coworker was acting in a manner stereotypically associated with the female gender, and commenting that a former coworker was "a bitch."

18.     As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers and Defendant CW's Human Resource Department. Instead of remedying O'Hair's behavior, Plaintiff's managers and CW's Human Resources department took no action against the O'Hair. In doing these actions, Defendant CW discriminated against Plaintiff on the basis of her sex, in violation of California Government Code section 12940(a).

19.     As a proximate result of the discriminatory actions of Defendant CW, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits. This conduct also caused Plaintiff to suffer severe emotional distress. Plaintiff has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety, anger, frustration and other emotional distress, as well as physical manifestations of this emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

20.     Defendant CW, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant CW abused its position of

1    authority and ratified the discriminatory conduct of its employees.  Plaintiff is thus entitled to

2    recover punitive damages from Defendants, according to proof.  As a result of Defendants'

3    discriminatory acts as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's

4    fees and costs as provided by California Government code section 12965(b).

## SECOND CAUSE OF ACTION
### (Discrimination on the Basis of National Origin: Cal. Gov. Code § 12940(a))
### (Against CW Only)

7    21.    Plaintiff incorporates by reference the allegations contained in the foregoing

8    paragraphs of this complaint as if fully set forth herein.

9    22.    At all times material hereto, Plaintiff was an employee covered by California

10    Government Code section 12940(a), which prohibits discrimination in employment based on

11    national origin.

12    23.    During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected

13    Plaintiff, on the basis of her Mexican-American origin, to harassing commentary, including, but

14    not limited to, asking Plaintiff, and other Mexican-American coworkers, "aren't you going to be

15    making tamales?", commenting that Plaintiff will be so busy that she will "be a slave with no days

16    off and no ability to work from home", and openly stating that he "has a bad reputation with

17    Hispanic individuals."

18    24.    As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers

19    and Defendant CW's Human Resource Department.  Instead of remedying O'Hair's behavior,

20    Plaintiff's managers and CW's Human Resources department took no action against the O'Hair.

21    In doing these actions, Defendant CW discriminated against Plaintiff on the basis of her National

22    Origin, in violation of California Government Code section 12940(a).

23    25.    As a proximate result of the discriminatory actions of Defendant CW, Plaintiff

24    suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation,

25    and other employment benefits.  This conduct also caused Plaintiff to suffer severe emotional

26    distress.  Plaintiff has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety,

27    anger, frustration and other emotional distress, as well as physical manifestations of this emotional

28

1   distress, and will continue to suffer said emotional distress in the future in an amount according to

2   proof.

3       26.     Defendants, in doing the acts and failing to do the acts as herein alleged, acted

4   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and

5   in conscious disregard of said Plaintiff's rights.  In addition, Defendant CW abused its position of

6   authority and ratified the discriminatory conduct of its employees.  Plaintiff is thus entitled to

7   recover punitive damages from Defendants, according to proof.  As a result of Defendants'

8   discriminatory acts as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's

9   fees and costs as provided by California Government code section 12965(b).

10                          **THIRD CAUSE OF ACTION**
                 **(Discrimination on the Basis of Physical Disability: Cal. Gov. Code § 12940(a))**
11                                **(Against CW Only)**

12      27.     Plaintiff incorporates by reference the allegations contained in the foregoing

13   paragraphs of the complaint as if fully set forth herein.

14      28.     At all times material hereto, Plaintiff was an employee covered by California

15   Government Code section 12940(a), which prohibits discrimination in employment based on

16   physical disability.

17      29.     Additionally, at all material hereto, California Government Code section 12920

18   applied to Defendant CW, as a California employer.  Section 12920 provides: "It is hereby

19   declared as the public policy of this state that it is necessary to protect and safeguard the right and

20   opportunity of all persons to . . . hold employment without discrimination or abridgment on

21   account of . . . physical disability . . . ."  California Government Code section 12921(a) states that

22   "[t]he opportunity to . . . hold employment without discrimination because of . . . physical

23   disability . . . is hereby recognized as and declared to be a civil right."

24      30.     California Government Code section 12926(m)(1), states that a "physical

25   disability" includes, but is not limited to, the following:  "Having any physiological disease,

26   disorder, [or] condition . . . that does both of the following:  (A) Affects one or more of the

27   following body systems:  neurological, immunological, musculoskeletal, special sense organs,

28

1  respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic

2  and lymphatic, skin, and endocrine.  (B) Limits a major life activity."

3      31.     California Government Code section 12926(m)(1)(B)(ii) explains that a condition

4  "limits a major life activity if it makes the achievement of the major life activity difficult."

5  California Government Code Section 12926(m)(1)(B)(iii) instructs that "major life activities"

6  "shall be broadly construed and includes physical, mental, and social activities and working."

7      32.     California Government Code section 12926(m)(3) includes in the definition of a

8  physical disability "[h]aving a record or history of a disease, disorder, condition, cosmetic

9  disfigurement, anatomical loss, or health impairment described in paragraph (1) or (2), which is

10  known to the employer or other entity covered by this part."  California Government Code section

11  12926(m)(4) also includes in the definition of a physical disability "[b]eing regarded or treated by

12  the employer or other entity covered by this part as having, or having had, any physical condition

13  that makes achievement of a major life activity difficult."  California Government Code Section

14  12926(m)(5) also includes in the definition of physical disability:  "[b]eing regarded or treated by

15  the employer or other entity covered by this part as having, or having had, a disease, disorder,

16  condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present

17  disabling effect but may become a physical disability as described in paragraph (1) or (2)."

18      33.     Section 12926(n) explains that "[n]otwithstanding subdivisions (j) and (m), if the

19  definition of "disability" used in the federal Americans with Disabilities Act of 1990 would result

20  in broader protection of the civil rights of individuals with a . . . physical disability, as defined in

21  subdivision . . . (m), or would include any medical condition not included within those definitions,

22  then that broader protection or coverage shall be deemed incorporated by reference into, and shall

23  prevail over conflicting provisions of, the definition . . . in subdivision (m)."

24      34.     Section 12926(o) holds that "physical disability... includes a perception... that the

25  person is associated with a person who has, or is perceived to have, any of those characteristics."

26      35.     During her employment, Plaintiff suffered from a physical disability, namely Bell's

27  Palsy, within the aforementioned California Government Code section 12926(m).  Bell's Palsy is a

28  neurological condition that results in the sudden weakness of facial muscles which causes half of

1 | the afflicted individual's face to droop. Bell's Palsy is believed to be caused by swelling and
2 | inflammation of the nerve that controls the muscles on one side of the face.

3 |     36.      During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected
4 | Plaintiff, on the basis of her physical disability of Bell's Palsy and her association with her
5 | daughter, who O'Hair knew had a learning disability, to harassing commentary and treatment.
6 | O'Hair's derogatory comments included making statements about Plaintiff's face and agreeing
7 | with another employee that gestures he had previously made were similar or mimicked an
8 | individual who suffered from Parkinson's disease and dismissing Plaintiff's statement that his
9 | comment was discriminatory.

10 |     37.      As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers
11 | and Defendant CW's Human Resource Department. Instead of remedying O'Hair's behavior,
12 | Plaintiff's managers and CW's Human Resources department took no action against the O'Hair.
13 | In doing these actions, Defendant CW discriminated against Plaintiff on the basis of her physical
14 | disability, in violation of California Government Code section 12940(a).

15 |     38.      As a proximate result of the discriminatory actions of Defendant CW, Plaintiff
16 | suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation,
17 | and other employment benefits. This conduct also caused Plaintiff to suffer severe emotional
18 | distress. Plaintiff has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety,
19 | anger, frustration and other emotional distress, as well as physical manifestations of this emotional
20 | distress, and will continue to suffer said emotional distress in the future in an amount according to
21 | proof.

22 |     39.      Defendants, in doing the acts and failing to do the acts as herein alleged, acted
23 | maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and
24 | in conscious disregard of said Plaintiff's rights. In addition, Defendant CW abused its position of
25 | authority and ratified the discriminatory conduct of its employees. Plaintiff is thus entitled to
26 | recover punitive damages from Defendants, according to proof. As a result of Defendants'
27 | discriminatory acts as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's
28 | fees and costs as provided by California Government code section 12965(b).

**FOURTH CAUSE OF ACTION**
**(Harassment on the Basis of Sex: Cal. Gov. Code § 12940(j))**
**(Against Both Defendants, CW and O'Hair)**

40.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

41.    At all times material hereto, Plaintiff was an employee covered by California Government Code section 12940(j), which prohibits harassment in employment based on sex.

42.    Pursuant to California Government Code section 12926(r), "sex" includes, but is not limited to, "a person's gender." In turn, "gender" is defined as "a person's gender identity and gender expression." "Gender expression" is further defined as "behavior whether or not stereotypically associated with the person's assigned sex at birth." Plaintiff identifies with the sex and gender of female and woman.

43.    During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected Plaintiff, on the basis of her sex, to harassing commentary, including, but not limited to, asking Plaintiff sexually explicit questions, making jokes alluding to rape, implying Plaintiff was better suited than her male coworkers to "babysit" staff members, stating that coworkers were akin to exotic dancers, stating that coworkers were acting in a manner stereotypically associated with the female gender, and commenting that a former coworker was "a bitch." In doing these actions, O'Hair harassed Plaintiff on the basis of her sex, in violation of California Government Code section 12940(j).

44.    As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers and Defendant CW's Human Resource Department. Instead of remedying O'Hair's behavior, Plaintiff's managers and CW's Human Resources department took no action against the O'Hair. In doing these actions, Defendant CW harassed Plaintiff on the basis of her sex, in violation of California Government Code section 12940(j).

45.    As a proximate result of the harassing actions of Defendants, and Defendants' employees, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits. This conduct also caused Plaintiff to suffer severe emotional distress. Plaintiff has suffered and continues to suffer pain, loss of sleep,

1    discomfort, anxiety, anger, frustration, and other emotional distress, as well as physical

2    manifestations of this emotional distress, and will continue to suffer said emotional distress in the

3    future in an amount according to proof.

4        46.      Defendants, in doing the acts and failing to do the acts as herein alleged, acted

5    maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and

6    in conscious disregard of said Plaintiff's rights.  In addition, Defendant CW abused its position of

7    authority and ratified the harassing conduct of its employees.  Plaintiff is thus entitled to recover

8    punitive damages from Defendants, according to proof.  As a result of Defendants' harassing acts

9    as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's fees and costs as

10    provided by California Government code section 12965(b).

11
12    
**FIFTH CAUSE OF ACTION**
**(Harassment on the Basis of National Origin: Cal. Gov. Code § 12940(j))**
**(Against Both Defendants, CW and O'Hair)**

13        47.      Plaintiff incorporates by reference the allegations contained in the foregoing

14    paragraphs as if fully set forth herein.

15        48.      At all times material hereto, Plaintiff was an employee covered by California

16    Government Code section 12940(j), which prohibits harassment in employment based on national

17    origin.

18        49.      During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected

19    Plaintiff, on the basis of her Mexican-American origin, to harassing commentary, including, but

20    not limited to, asking Plaintiff, and other Mexican-American coworkers, "aren't you going to be

21    making tamales?", commenting that Plaintiff will be so busy that she will "be a slave with no days

22    off and no ability to work from home", and openly stating that he "has a bad reputation with

23    Hispanic individuals."  In doing these actions, O'Hair harassed Plaintiff on the basis of her

24    national origin, in violation of California Government Code section 12940(j).

25        50.      As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers

26    and Defendant CW's Human Resource Department.  Instead of remedying O'Hair's behavior,

27    Plaintiff's managers and CW's Human Resources department took no action against the O'Hair.

28

1    In doing these actions, Defendant CW harassed Plaintiff on the basis of her national origin, in

2    violation of California Government Code section 12940(j).

3        51.    As a proximate result of the harassing actions of Defendants, and Defendants'

4    employees, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses,

5    deferred compensation, and other employment benefits. This conduct also caused Plaintiff to

6    suffer severe emotional distress. Plaintiff has suffered and continues to suffer pain, loss of sleep,

7    discomfort, anxiety, anger, frustration, and other emotional distress, as well as physical

8    manifestations of this emotional distress, and will continue to suffer said emotional distress in the

9    future in an amount according to proof.

10       52.    Defendants, in doing the acts and failing to do the acts as herein alleged, acted

11   maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and

12   in conscious disregard of said Plaintiff's rights. In addition, Defendant CW abused its position of

13   authority and ratified the harassing conduct of its employees. Plaintiff is thus entitled to recover

14   punitive damages from Defendants, according to proof. As a result of Defendants' harassing acts

15   as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's fees and costs as

16   provided by California Government code section 12965(b).

17                          **SIXTH CAUSE OF ACTION**
              **(Harassment on the Basis of Physical Disability: Cal. Gov. Code § 12940(j))**
18                        **(Against Both Defendants, CW and O'Hair)**

19       53.    Plaintiff incorporates by reference the allegations contained in the foregoing

20   paragraphs as if fully set forth herein.

21       54.    At all times material hereto, Plaintiff was an employee covered by California

22   Government Code section 12940(j), which prohibits harassment in employment based on physical

23   disability.

24       55.    California Government Code section 12926(m)(1), states that a "physical

25   disability" includes, but is not limited to, the following: "Having any physiological disease,

26   disorder, [or] condition . . . that does both of the following: (A) Affects one or more of the

27   following body systems: neurological, immunological, musculoskeletal, special sense organs,

28

1  respiratory, including speech organs, cardiovascular, reproductive, digestive, genitourinary, hemic

2  and lymphatic, skin, and endocrine.  (B) Limits a major life activity."

3      56.     California Government Code section 12926(m)(1)(B)(ii) explains that a condition

4  "limits a major life activity if it makes the achievement of the major life activity difficult."

5  California Government Code Section 12926(m)(1)(B)(iii) instructs that "major life activities"

6  "shall be broadly construed and includes physical, mental, and social activities and working."

7      57.     California Government Code section 12926(m)(3) includes in the definition of a

8  physical disability "[h]aving a record or history of a disease, disorder, condition, cosmetic

9  disfigurement, anatomical loss, or health impairment described in paragraph (1) or (2), which is

10  known to the employer or other entity covered by this part."  California Government Code section

11  12926(m)(4) also includes in the definition of a physical disability "[b]eing regarded or treated by

12  the employer or other entity covered by this part as having, or having had, any physical condition

13  that makes achievement of a major life activity difficult."  California Government Code Section

14  12926(m)(5) also includes in the definition of physical disability:  "[b]eing regarded or treated by

15  the employer or other entity covered by this part as having, or having had, a disease, disorder,

16  condition, cosmetic disfigurement, anatomical loss, or health impairment that has no present

17  disabling effect but may become a physical disability as described in paragraph (1) or (2)."

18      58.     Section 12926(n) explains that "[n]otwithstanding subdivisions (j) and (m), if the

19  definition of "disability" used in the federal Americans with Disabilities Act of 1990 would result

20  in broader protection of the civil rights of individuals with a . . . physical disability, as defined in

21  subdivision . . . (m), or would include any medical condition not included within those definitions,

22  then that broader protection or coverage shall be deemed incorporated by reference into, and shall

23  prevail over conflicting provisions of, the definition . . , in subdivision (m)."

24      59.     Section 12926(o) holds that "physical disability... includes a perception... that the

25  person is associated with a person who has, or is perceived to have, any of those characteristics."

26      60.     At all times material hereto, Plaintiff suffered from a physical disability, namely

27  Bell's Palsy, within the aforementioned California Government Code section 12926(m).  Bell's

28  Palsy is a neurological condition that results in the sudden weakness in facial muscles which

1  causes half of the afflicted individual's face to droop. Bell's Palsy is believed to be caused by

2  swelling and inflammation of the nerve that controls the muscles on one side of the face.

3      61.     During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected

4  Plaintiff, on the basis of her physical disability of Bell's Palsy, to harassing commentary and

5  treatment. O'Hair frequently made derogatory comments to, or in the presence of Plaintiff and

6  other persons associated with those who have disabilities, including, but not limited to, making

7  statements about Plaintiff's face and gestures to mimic an individual who suffered from

8  Parkinson's disease. In doing these actions, Defendants harassed Plaintiff on the basis of her

9  physical disability, in violation of California Government Code section 12940(j).

10     62.     As a result of this harassment, Plaintiff reported O'Hair's behavior to her managers

11 and Defendant CW's Human Resource Department. Instead of remedying O'Hair's behavior,

12 Plaintiff's managers and CW's Human Resources department took no action against the O'Hair.

13 In doing these actions, Defendant CW harassed Plaintiff on the basis of her physical disability, in

14 violation of California Government Code section 12940(j).

15     63.     As a proximate result of the harassing actions of Defendants, and Defendants'

16 employees, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses,

17 deferred compensation, and other employment benefits. This conduct also caused Plaintiff to

18 suffer severe emotional distress. Plaintiff has suffered and continues to suffer pain, loss of sleep,

19 discomfort, anxiety, anger, frustration, and other emotional distress, as well as physical

20 manifestations of this emotional distress, and will continue to suffer said emotional distress in the

21 future in an amount according to proof.

22     64.     Defendants, in doing the acts and failing to do the acts as herein alleged, acted

23 maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and

24 in conscious disregard of said Plaintiff's rights. In addition, Defendant CW abused its position of

25 authority and ratified the harassing conduct of its employees. Plaintiff is thus entitled to recover

26 punitive damages from Defendants, according to proof. As a result of Defendants' harassing acts

27 as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's fees and costs as

28 provided by California Government code section 12965(b).

## SEVENTH CAUSE OF ACTION
### (Failure to Take Reasonable Steps to Prevent Discrimination & Harassment: Cal. Gov. Code § 12940(k))
### (Against CW Only)

65.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

66.    At all times material hereto, Plaintiff was an employee covered by California Government Code section 12940(k), which requires employers to take reasonable steps to prevent discrimination and harassment in the workplace.

67.    During Plaintiff's employment, Plaintiff's manager O'Hair frequently subjected Plaintiff, on the basis of her sex, national origin and physical disability, to the aforementioned harassing commentary and treatment.

68.    As a result of this harassment, Plaintiff reported O'Hair's behavior to her direct manager Prince-Thomas, the account manager Grey, and the Senior Human Resources Manager McCorry.  Instead of remedying O'Hair's behavior, Plaintiff's managers and Defendant CW's Human Resources department took no action against O'Hair.  After realizing that O'Hair's behavior had not been remedied, Plaintiff again went to Prince-Thomas with her complaint.  Instead of reassuring Plaintiff that some corrective action would be taken, Prince-Thomas responded that Plaintiff "was a big girl" and that she "could handle it."

69.    On August 27, 2019, Grey made a statement to Plaintiff and O'Hair that all employees working on a particular account needed to focus and that these employees cannot take days off to "deal with people getting trampled," which was a direct reference to a prior incident in which the Plaintiff had to take time away from work to assist her disabled mother who was injured during a robbery and subsequent rush of individuals seeking safety.  As a result of Grey's targeted comment, the aforementioned discrimination, harassment, and retaliation by Defendants, and CW's inability to provide adequate remedy, Plaintiff's workplace became intolerable and resulted in Plaintiff's constructive discharge.  In doing these actions, Defendant CW failed to take all reasonable steps necessary to prevent discrimination and harassment from occurring, in violation of California Government Code section 12940(k).

70.     As a proximate result of the discriminatory and harassing actions of Defendants, and Defendants' employees, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses, deferred compensation, and other employment benefits. This conduct also caused Plaintiff to suffer severe emotional distress. Plaintiff has suffered and continues to suffer pain, loss of sleep, discomfort, anxiety, anger, frustration, and other emotional distress, as well as physical manifestations of this emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof.

71.     Defendants, in doing the acts and failing to do the acts as herein alleged, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and in conscious disregard of said Plaintiff's rights. In addition, Defendant CW abused its position of authority and ratified the discriminatory and harassing conduct of its employees. Plaintiff is thus entitled to recover punitive damages from Defendants, according to proof. As a result of Defendants' discriminatory and harassing acts as alleged herein, Plaintiff is also entitled to an award of reasonable attorney's fees and costs as provided by California Government code section 12965(b).

## EIGHTH CAUSE OF ACTION
### (Retaliation: Cal. Gov. Code § 12940(h))
### (Against CW Only)

72.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

73.     At all times material hereto, Plaintiff was an employee covered by California Government Code section 12940(h), which prohibits employers from retaliating against employees.

74.     During Plaintiff's employment, Plaintiff's manager O'Hair frequently engaged in harassing conduct. In response to this harassing conduct, Plaintiff complained to Plaintiff's direct manager, account manager, and the senior human resources manager. After Plaintiff's complaint, Defendant CW engaged in a course of conduct, specifically creating such a hostile work environment for Plaintiff that culminated in Plaintiff's work environment becoming so intolerable, that it resulted in Plaintiff's constructive discharge. Defendant CW intentionally designed this

1   course of conduct to retaliate against Plaintiff for reporting harassment and discrimination, in

2   violation of California Government Code section 12940(h).

3       75.     As a proximate result of the harassing actions of Defendants, and Defendants

4   employees, Plaintiff suffered and continues to suffer substantial losses in earnings, bonuses,

5   deferred compensation, and other employment benefits.  This conduct also caused Plaintiff to

6   suffer severe emotional distress.  Plaintiff has suffered and continues to suffer pain, loss of sleep,

7   discomfort, anxiety, anger, frustration, and other emotional distress, as well as physical

8   manifestations of this emotional distress, and will continue to suffer said emotional distress in the

9   future in an amount according to proof.

10      76.     Defendants, in doing the acts and failing to do the acts as herein alleged, acted

11  maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, and

12  in conscious disregard of said Plaintiff's rights.  In addition, Defendant CW abused its position of

13  authority and ratified the discriminatory and harassing conduct of its employees.  Plaintiff is thus

14  entitled to recover punitive damages from Defendants, according to proof.  As a result of

15  Defendants' discriminatory and harassing acts as alleged herein, Plaintiff is also entitled to an

16  award of reasonable attorney's fees and costs as provided by California Government code section

17  12965(b).

18                          **NINTH CAUSE OF ACTION**
                **(Constructive Wrongful Termination in Violation of Public Policy:**
19          **Article I, Section 8, CA Const. & Cal. Gov. Code § 12940, et. seq.)**
                                **(Against CW Only)**
20

21      77.     Plaintiff incorporates by reference the allegations contained in the foregoing

22  paragraphs of this Complaint as if fully set forth herein.

23      78.     California law recognizes public policies that employees should be free from

24  discrimination and retaliation on the basis sex, race, nation origin, and religion.  These public

25  policies are embodied in Article 1, section 8, of the California Constitution and California

26  Government Code section 12940, et. seq.

27      79.     California law recognizes that in certain circumstances an employee's resignation

28  may amount to a constructive termination when an employer "either intentionally or knowingly

COMPLAINT                              -19-                          3306\COMPLAINT

permits working conditions that were so intolerable or aggravated at the time of [an] employee's resignation that a reasonable employer would realize that a reasonable person in the employee's position would be compelled to resign." *Turner v. Anheuser-Busch, Inc.*, 7 Cal. 4th 1238, 1251 (1994).

80.    On August 27, 2019, given Defendants' aforementioned discriminatory, harassing, and retaliatory conduct, Plaintiff's workplace became intolerable such that it resulted in her constructive discharge. During Plaintiff's employment, Plaintiff's manager O'Hair consistently engaged in harassing conduct. In response to this harassing conduct, Plaintiff complained to Plaintiff's direct manager, account manager, and the senior human resources manager. After Plaintiff's complaint, Defendant CW engaged in a course of conduct, specifically creating such a hostile work environment for Plaintiff that culminated in Plaintiff's work environment becoming so intolerable, that it resulted in her constructive discharge. Defendant CW's course of conduct was intentionally designed to retaliate against Plaintiff for reporting harassment and discrimination. Since Defendant CW did not leave Plaintiff with a reasonable alternative other than resigning, Defendant CW's conduct resulted in a constructive termination.

81.    Plaintiff's constructive termination was unlawful and in violation of public policy embodied in Article I, section 8, of the California Constitution, and/or California Government Code section 12940, et. eq. because said termination was on the basis of Plaintiff's sex, national origin, and physical disability, and/or in retaliation for Plaintiff filing a lawful internal complaint with Defendants.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff prays for judgment and relief as follows:

1.    Compensatory damages as appropriate and available under each cause of action, in an amount to be proven at trial based;

2.    Reasonable attorneys' fees pursuant to California Government Code section 12965(b);

3.    Costs of this suit;

4.    Punitive damages according to proof;

5.     Pre- and post-judgment interest; and

6.     Such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

Date: January 29, 2021                  WORKMAN LAW FIRM, PC

By: _____

Robin G. Workman
*Attorneys for Cecilia Valdovinos,*
*pon behalf of herself and all others similarly*
*situated,*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Robin G. Workman    (Bar # 145810)<br>Workman Law Firm. PC<br>177 Post Street, Suite 800<br>San Francisco, CA 94108<br>TELEPHONE NO.: (415) 782-3660    FAX NO.: (415) 788-1028<br>ATTORNEY FOR *(Name)*: Cecilia Valdovinos, Plaintiff | **ENDORSED**<br>**FILED**<br>ALAMEDA COUNTY<br><br>JAN 07 2021<br><br>CLERK OF THE SUPERIOR COURT<br>By ~~TANIA PLTBALY~~ Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
STREET ADDRESS: 1225 Fallon Street
MAILING ADDRESS:
CITY AND ZIP CODE: Oakland 94612
BRANCH NAME:

| CASE NAME: | |
|---|---|
| Valdovinos v. Cushman & Wakefield, et al. | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | Rg21085785<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Mass tort (40) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Product liability (24) | **Real Property** | [ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | above listed provisionally complex case |
| [ ] Other PI/PD/WD (23) | condemnation (14) | types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | [ ] Enforcement of judgment (20) |
| [ ] Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] RICO (27) |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | **Miscellaneous Civil Petition** |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Other petition *(not specified above)* (43) |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [X] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [X] is  [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties     d. [X] Large number of witnesses
   b. [X] Extensive motion practice raising difficult or novel   e. [X] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve          in other counties, states, or countries, or in a federal court
   c. [X] Substantial amount of documentary evidence        f. [X] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [X] punitive
4. Number of causes of action *(specify)*: NINE (9)
5. This case [X] is  [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 6, 2021

Robin G. Workman
_____                    ► _____
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

*LexisNexis® Automated California Judicial Council Forms*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: | Case Number: |
|---|---|
| Valdovinos v. Cushman & Wakefield, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM

### THIS FORM IS REQUIRED IN ALL NEW UNLIMITED CIVIL CASE FILINGS IN THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

| [x] Oakland, Rene C. Davidson Alameda County Courthouse (446) | [ ] Hayward Hall of Justice (447) |
|---|---|
| | [ ] Pleasanton, Gale-Schenone Hall of Justice (448) |

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | | Alameda County Case Type (check only one) |
|---|---|---|---|
| Auto Tort | Auto tort (22) | [ ] 34 | Auto tort (G) |
| | | | Is this an uninsured motorist case?  [ ] yes  [ ] no |
| Other PI /PD / WD Tort | Asbestos (04) | [ ] 75 | Asbestos (D) |
| | Product liability (24) | [ ] 89 | Product liability (not asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ] 97 | Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ] 33 | Other PI/PD/WD tort (G) |
| Non - PI /PD / WD Tort | Bus tort / unfair bus. practice (07) | [ ] 79 | Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ] 80 | Civil rights (G) |
| | Defamation (13) | [ ] 84 | Defamation (G) |
| | Fraud (16) | [ ] 24 | Fraud (G) |
| | Intellectual property (19) | [ ] 87 | Intellectual property (G) |
| | Professional negligence (25) | [ ] 59 | Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ] 03 | Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ] 38 | Wrongful termination (G) |
| | Other employment (15) | [ x ] 85 | Other employment (G) |
| | | [ ] 53 | Labor comm award confirmation |
| | | [ ] 54 | Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ] 04 | Breach contract / Wrnty (G) |
| | Collections (09) | [ ] 81 | Collections (G) |
| | Insurance coverage (18) | [ ] 86 | Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ] 98 | Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ] 18 | Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ] 17 | Wrongful eviction (G) |
| | Other real property (26) | [ ] 36 | Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ] 94 | Unlawful Detainer - commercial    **Is the deft. in possession** |
| | Residential (32) | [ ] 47 | Unlawful Detainer - residential    **of the property?** |
| | Drugs (38) | [ ] 21 | Unlawful detainer - drugs    [ ] Yes   [ ] No |
| Judicial Review | Asset forfeiture (05) | [ ] 41 | Asset forfeiture |
| | Petition re: arbitration award (11) | [ ] 62 | Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ] 49 | Writ of mandate |
| | | | Is this a CEQA action (Publ.Res.Code section 21000 et seq)  [ ] Yes  [ ] No |
| | Other judicial review (39) | [ ] 64 | Other judicial review |
| Provisionally Complex | Antitrust / Trade regulation (03) | [ ] 77 | Antitrust / Trade regulation |
| | Construction defect (10) | [ ] 82 | Construction defect |
| | Claims involving mass tort (40) | [ ] 78 | Claims involving mass tort |
| | Securities litigation (28) | [ ] 91 | Securities litigation |
| | Toxic tort / Environmental (30) | [ ] 93 | Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ] 95 | Ins covrg from complex case type |
| Enforcement of Judgment | Enforcement of judgment (20) | [ ] 19 | Enforcement of judgment |
| | | [ ] 08 | Confession of judgment |
| Misc Complaint | RICO (27) | [ ] 90 | RICO (G) |
| | Partnership / Corp. governance (21) | [ ] 88 | Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ] 68 | All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ] 06 | Change of name |
| | | [ ] 69 | Other petition |

```
⌐ Workman Law Firm, PC              ⌐                ⌐ Cushman & Wakefield U.S., Inc        ⌐
  Attn: Workman, Robin G.
  177 Post Street, Suite 800
  San Francisco, CA   94108____
L                                    ⌐               L                                      ⌐
```

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Valdovinos | No. <u>RG21085785</u> |
|            Plaintiff/Petitioner(s) | |
| VS. | |
| Cushman & Wakefield U.S., Inc | NOTICE OF HEARING |
|            Defendant/Respondent(s) | |
|     (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

        Complex Determination Hearing
        Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 02/23/2021     TIME: 03:00 PM     DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Case Management Conference:
DATE: 03/23/2021     TIME: 03:00 PM     DEPARTMENT: 23
LOCATION:  Administration Building, Fourth Floor
            1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

http://apps.alameda.courts.ca.gov/domainweb.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated: 01/22/2021          Chad Finke   Executive Officer / Clerk of the Superior Court

                           By    _____

                                                             Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 01/25/2021.

                           By    _____

                                                             Deputy Clerk



# Superior Court of California, County of Alameda
## Alternative Dispute Resolution (ADR) Information Packet

The person who files a civil lawsuit (plaintiff) must include the ADR Information Packet with the complaint when serving the defendant. Cross complainants must serve the ADR Information Packet on any new parties named to the action.

---

The Court *strongly encourages* the parties to use some form of ADR before proceeding to trial.  You may choose ADR by:

- Indicating your preference on Case Management Form CM-110;

- Filing the Stipulation to ADR and Delay Initial Case Management Conference for 90 Days (a local form included with the information packet); or

- Agree to ADR at your Initial Case Management Conference.

**QUESTIONS?**  Call (510) 891-6055. Email adrprogram@alameda.courts.ca.gov
Or visit the court's website at http://www.alameda.courts.ca.gov/adr

---

### What Are The Advantages Of Using ADR?

- *Faster* –Litigation can take years to complete but ADR usually takes weeks or months.

- *Cheaper* – Parties can save on attorneys' fees and litigation costs.

- *More control and flexibility* – Parties choose the ADR process appropriate for their case.

- *Cooperative and less stressful* – In mediation, parties cooperate to find a mutually agreeable resolution.

- *Preserve Relationships* – A mediator can help you effectively communicate your interests and point of view to the other side. This is an important benefit when you want to preserve a relationship.

### What Is The Disadvantage Of Using ADR?

- *You may go to court anyway* – If you cannot resolve your dispute using ADR, you may still have to spend time and money resolving your lawsuit through the courts.

### What ADR Options Are Available?

- *Mediation* – A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options, and agree on a solution that is acceptable to all sides.

    o **Court Mediation Program**:  Mediators do not charge fees for the first two hours of mediation.  If parties need more time, they must pay the mediator's regular fees.

Some mediators ask for a deposit before mediation starts which is subject to a refund for unused time.

o **Private Mediation**: This is mediation where the parties pay the mediator's regular fees and may choose a mediator outside the court's panel.

- *Arbitration* – A neutral person (arbitrator) hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial and the rules of evidence are often relaxed. Arbitration is effective when the parties want someone other than themselves to decide the outcome.

  o **Judicial Arbitration Program** (non-binding): The judge can refer a case or the parties can agree to use judicial arbitration. The parties select an arbitrator from a list provided by the court. If the parties cannot agree on an arbitrator, one will be assigned by the court. There is no fee for the arbitrator. The arbitrator must send the decision (award of the arbitrator) to the court. The parties have the right to reject the award and proceed to trial.

  o **Private Arbitration** (binding and non-binding) occurs when parties involved in a dispute either agree or are contractually obligated. This option takes place outside of the courts and is normally binding meaning the arbitrator's decision is final.

### Mediation Service Programs In Alameda County

Low cost mediation services are available through non-profit community organizations. Trained volunteer mediators provide these services. Contact the following organizations for more information:

**SEEDS Community Resolution Center**
2530 San Pablo Avenue, Suite A, Berkeley, CA 94702-1612
Telephone: (510) 548-2377    Website: www.seedscrc.org
Their mission is to provide mediation, facilitation, training and education programs in our diverse communities – $S$ervices that $E$ncourage $E$ffective $D$ialogue and $S$olution-making.

**Center for Community Dispute Settlement**
291 McLeod Street, Livermore, CA 94550
Telephone: (925) 373-1035    Website: www.trivalleymediation.com
CCDS provides services in the Tri-Valley area for all of Alameda County.

*For Victim/Offender Restorative Justice Services*
**Catholic Charities of the East Bay: Oakland**
433 Jefferson Street, Oakland, CA 94607
Telephone: (510) 768-3100    Website: www.cceb.org
Mediation sessions involve the youth, victim, and family members work toward a mutually agreeable restitution agreement.

ALA ADR-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |

**SUPERIOR COURT OF CALIFORNIA, ALAMEDA COUNTY**

STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS | CASE NUMBER: |
|---|---|

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

This stipulation is effective when:

- All parties have signed and filed this stipulation with the Case Management Conference Statement at least 15 days before the initial case management conference.
- A copy of this stipulation has been received by the ADR Program Administrator, 24405 Amador Street, Hayward, CA 94544 or Fax to (510) 267-5727.

1. Date complaint filed: _____. An **Initial Case Management Conference** is scheduled for:

   Date:                    Time:                    Department:

2. Counsel and all parties certify they have met and conferred and have selected the following ADR process (check one):

   ☐ Court mediation          ☐ Judicial arbitration

   ☐ Private mediation        ☐ Private arbitration

3. All parties agree to complete ADR within 90 days and certify that:

   a. No party to the case has requested a complex civil litigation determination hearing;
   b. All parties have been served and intend to submit to the jurisdiction of the court;
   c. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
   d. Copies of this stipulation and self-addressed stamped envelopes are provided for returning endorsed filed stamped copies to counsel and all parties;
   e. Case management statements are submitted with this stipulation;
   f. All parties will attend ADR conferences; and,
   g. The court will not allow more than 90 days to complete ADR.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____          ▶ _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PLAINTIFF)


Date:

_____          ▶ _____

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

Cal. Rules of Court,
rule 3.221(a)(4)

(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

**ALA ADR-001**

| | |
|---|---|
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | CASE NUMBER.: |

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF DEFENDANT)

Date:

_____     ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF ATTORNEY FOR DEFENDANT)

**Page 2 of 2**

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA ADR-001 [New January 1, 2010]

**STIPULATION TO ATTEND ALTERNATIVE DISPUTE RESOLUTION (ADR)
AND DELAY INITIAL CASE MANAGEMENT CONFERENCE FOR 90 DAYS**

**Cal. Rules of Court,
rule 3.221(a)(4)**

# EXHIBIT B

1  HAROLD R. JONES (State Bar No. 209266)
   SWAJA KHANNA (State Bar No. 334833)
2  JACKSON LEWIS P.C.
   50 California Street, 9th Floor
3  San Francisco, California 94111-4615
   Telephone:  (415) 394-9400
4  Facsimile:  (415) 394-9401
   E-mail: Harold.Jones@jacksonlewis.com
5          Swaja.Khanna@jacksonlewis.com

6  Attorneys for Defendants
   CUSHMAN & WAKEFIELD U.S., INC. and
7  KEVIN O'HAIR

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11  CECILIA  VALDOV1NOS, on behalf of      Case No. RG21085785
    herself and all others similarly situated,
12                                          ASSIGNED FOR ALL PURPOSE TO:
              Plaintiff,                     Honorable Brad Seligman
13                                          Department 23
         vs.
14                                          **DEFENDANTS ANSWER TO**
    CUSHMAN & WAKEFIELD U.S., INC. et       **PLAINTIFF'S UNVERIFIED**
15  al., KEVIN O'HAIR, and. Does 1 through 50,  **COMPLAINT FOR DAMAGES**
    inclusive,
16                                          Complaint Filed:    1/07/2021
              Defendants.                   Trial Date:         Not Set
17

18      Defendants Cushman & Wakefield U.S., Inc., ("C&W") and Kevin O'Hair (collectively

19  "Defendants")  answer Plaintiff Cecilia Valdovinos' ("Valdovinos" or "Plaintiff") unverified

20  Complaint for Damages (the "Complaint") as follows:

21                            **GENERAL DENIAL**

22      Pursuant to Code of Civil Procedure section 431.30(d), Defendants generally deny each

23  allegation contained in the Complaint and specifically deny that Plaintiff has sustained damages

24  in the sum or sums alleged, or any other sum at all, by reason of any act, breach or omission by

25  Defendants.  Without waiving or excusing Plaintiff's own burdens of proof and production of

26  evidence, Defendants allege, as and for its affirmative defenses to all causes of action purported

27  to be set alleged against them in the Complaint, as follows:

28  ///

                                    1
    DEFENDANTS' ANSWER TO COMPLAINT                    Case No. RG21085785

1

### FIRST AFFIRMATIVE DEFENSE

2

### (Failure to State a Cause of Action)

3      The Complaint, and each and every cause of action alleged therein fails to state facts

4  sufficient to constitute a cause of action for which relief may be granted.

5

### SECOND AFFIRMATIVE DEFENSE

6

### (Appropriate Remedial Action Taken by Employer)

7      The Complaint, and each and every cause of action alleged therein, is barred, in whole or

8  in part, because C&W took all reasonable steps to prevent any alleged discrimination,

9  harassment, and/or retaliation once C&W was made aware of Plaintiff's complaints.

10

### THIRD AFFIRMATIVE DEFENSE

11

### (Bona Fide Occupational Qualification)

12      Any alterations or modifications to Plaintiff's job duties were justified, not based on

13  discriminatory reasons, and were justified based upon a bona fide business necessity and based

14  upon bona fide occupational qualifications.

15

### FOURTH AFFIRMATIVE DEFENSE

16

### (Business Necessity)

17      Any and all wrongful conduct alleged by Plaintiff was necessitated due to business

18  necessity.

19

### FIFTH AFFIRMATIVE DEFENSE

20

### (Failure to Exhaust Administrative Remedies)

21      The Complaint, and each and every cause of action alleged therein, is barred, or any

22  damages reduced by Plaintiff's failure to exhaust administrative remedies.

23

### SIXTH AFFIRMATIVE DEFENSE

24

### (Failure to Exhaust Internal Remedies)

25      Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff

26  failed to exhaust applicable internal grievance procedures.

27  ///

28  ///

2

1

**SEVENTH AFFIRMATIVE DEFENSE**

2

**(Failure to Mitigate Damages)**

3      Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce

4 Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages

5 bars or reduces any claims, losses, or damages.

6

**EIGHTH AFFIRMATIVE DEFENSE**

7

**(Good Faith but Mistaken Belief)**

8      The Complaint, and each and every cause of action alleged therein, is barred as

9 Defendants' alleged actions were justified by its good faith but mistaken belief.

10

**NINTH AFFIRMATIVE DEFENSE**

11

**(No Authorization or Ratification)**

12      Any unlawful or wrongful acts, to the extent they exist, taken by C&W's agents or

13 employees were outside the course and scope of their authority and such acts, if any, were not

14 authorized, ratified, or condoned by C&W nor did C&W know nor should have known or such

15 acts.

16

**TENTH AFFIRMATIVE DEFENSE**

17

**(No Discriminatory Intent-Legitimate Nondiscriminatory Reason)**

18      The Complaint, and each and every cause of action alleged therein, is barred as there was

19 no discriminatory intent as Defendant's alleged actions were based on a legitimate

20 nondiscriminatory reason.

21

**ELEVENTH AFFIRMATIVE DEFENSE**

22

**(After Acquired Evidence)**

23      The Complaint, and each and every cause of action alleged there in, is barred, or any

24 damages reduced, by after-acquired evidence.

25 ///

26 ///

27 ///

28 ///

3

1

**TWELFTH AFFIRMATIVE DEFENSE**

2

**(Not a Substantial Motivating Reason)**

3    The Complaint, and each and every cause of action alleged therein, is barred as

4   Defendants' alleged actions were not a substantial motivating reason for the alleged adverse

5   employment action.

6

**THIRTEENTH AFFIRMATIVE DEFENSE**

7

**(Mixed-Motive)**

8    Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein,

9   is barred because, assuming *arguendo* that discriminatory reasons had been a motivating factor

10   in any employment decisions toward Plaintiff, C&W would have made and did make the same

11   employment decisions toward Plaintiff in any case for legitimate, non-discriminatory business

12   reasons.

13

**FOURTEENTH AFFIRMATIVE DEFENSE**

14

**(Statute of Limitations)**

15    The Complaint, and each and every cause of action alleged therein, is barred by the

16   applicable statute of limitations, including, but not limited to, Government Code sections 12960

17   and 12965 and Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

18

**FIFTEENTH AFFIRMATIVE DEFENSE**

19

**(No Punitive Damages Against Corporate Defendant)**

20    C&W is not liable to Plaintiff for punitive damages because neither C&W nor any of its

21   officers, directors, or managing agents committed any alleged oppressive, fraudulent, or

22   malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if

23   any, of the employee or employees, if any, who allegedly committed such acts; or employed any

24   such employee or employees with a conscious disregard of the rights or safety of others, as

25   required by California Civil Code section 3294(b).

26

**SIXTEENTH AFFIRMATIVE DEFENSE**

27

**(No Punitive Damages)**

28    Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face

4

and/or as applied to Defendants pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because C&W lacked knowledge that Plaintiff was allegedly retaliated against.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Plaintiff is Not a Qualified Individual with a Disability)

The Complaint's third and sixth causes of action are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, *et seq*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Avoidable Consequences)

Plaintiff's recovery in this action is barred in whole or in part by the doctrine of avoidable consequences. C&W maintains internal complaint procedures appropriately designed to prevent and eliminate discrimination, harassment and retaliation. Plaintiff's alleged harm could have been prevented with reasonable effort and without undue risk, expense, or humiliation, by reporting any issues to her manager(s) or C&W's Human Resources Department.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Comparative Fault or Negligence)

If Plaintiff sustained any loss, injury, damage, or detriment as alleged in the Complaint, such loss, injury, damage, or detriment was caused and contributed to by the actions of Plaintiff because Plaintiff did not exercise reasonable care, and Plaintiff's loss, injury, damage, or detriment, if any, should be reduced in proportion to the percentage of Plaintiff's own comparative or contributory negligence.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Failure to Take Preventative or Corrective Measures)

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, because C&W exercised reasonable care to prevent and correct discriminatory and/or harassing behavior based on Plaintiff's sex, national origin, or disability and Plaintiff unreasonably failed to avail herself of the internal preventive or corrective remedies provided by C&W to prevent and to otherwise avoid such harm.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Offset)

Plaintiff's recovery or damages, if any, must be offset by any and all payments made and/or benefits extended by Defendant to or on Plaintiff's behalf.

///

///

///

DEFENDANTS' ANSWER TO COMPLAINT                                    Case No. RG21085785

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Managerial Immunity)

Any injuries Plaintiff allegedly sustained as a result of any action by a management employee of C&W are barred by the doctrine of managerial immunity.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Privileged, Good Faith, & Justified Conduct)

Any recovery on Plaintiff's Complaint is barred because Defendants' conduct was privileged and/or justified under California law and for valid business reasons.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Failure to Perform Responsibilities)

Any recovery on Plaintiff's Complaint, or any purported cause of action alleged therein, is barred by Plaintiff's failure to satisfactorily perform her job responsibilities and otherwise conduct herself in accordance with the standards and policies of C&W.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Willful Conduct)

Plaintiff's Complaint, or any purported cause of action alleged therein, is barred in whole or in part, and/or recovery is precluded because Defendants' alleged conduct was not willful.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

Defendants reserve their right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of the Complaint;

2. That judgment be entered against Plaintiff and in favor of Defendants on all causes of action;

3. That Defendants be awarded costs of suit incurred herein; and

7

1        4.   That Defendants be awarded such other and further relief as the Court may deem just

2    and proper.

3

4

5    Dated:  March 15, 2021                          JACKSON LEWIS P.C.

6

7                                         By: _____

8                                              HAROLD R. JONES
                                              SWAJA KHANNA
                                              Attorneys for Defendants
9                                              CUSHMAN & WAKEFIELD U.S., INC.
                                              and KEVIN O'HAIR
10
     4817-6838-1407
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         8
     DEFENDANTS' ANSWER TO COMPLAINT                          Case No. RG21085785

1

**PROOF OF SERVICE**

2        I, Marianne Solano, declare that I am employed with the law firm of Jackson Lewis P.C.,

3   whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over

4   the age of eighteen (18) years and am not a party to this action.

5        On March 15, 2021, I served the attached DEFENDANTS ANSWER TO PLAINTIFF'S

6   UNVERIFIED COMPLAINT FOR DAMAGES in this action by placing a true and correct copy

7   thereof, enclosed in a sealed envelope, and addressed as follows:

8    Counsel's name, address, etc.                  Attorneys for Party

9    Robin G. Workman, Esq.                          *CECILIA VALDOVINOS*
     Workman Law Firm, PC
10   177 Post St., Ste. 800
     San Francisco, CA  94108-4729
11   Tel.:    (415) 782-3660
     Fax:    (415) 788-1028
12   E-mail:  robin@workmanlawpc.com

13

14   ☒    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
          thereon fully prepaid, placed for collection and mailing on this date, following ordinary
15        business practices, in the United States mail at San Francisco, California.  [(  ) *Courtesy
          copy by e-mail/fax.*]

16

17

18        I declare under penalty of perjury, under the laws of the State of California, that the above

19   is true and correct.

20        Executed on March 15, 2021, at San Francisco, California.

21

22                                          _____
                                                        Marianne Solano
23

24

25

26

27

28

1

PROOF OF SERVICE                                                                Case No. RG21085785]

# EXHIBIT C

1  Harold R. Jones (State Bar No. 209266)
   JACKSON LEWIS P.C.
2  50 California Street, 9th Floor
   San Francisco, California 94111-4615
3  Telephone:  (415) 394-9400
   Facsimile:  (415) 394-9401
4  E-mail:  Harold.Jones@jacksonlewis.com

5  Attorneys for Defendants
   CUSHMAN & WAKEFIELD U.S., INC. and
6  KEVIN O'HAIR

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF ALAMEDA

10

11 CECILIA  VALDOVINOS, on behalf of          Case No. RG21085785
   herself and all others similarly situated,
12                                            **NOTICE OF REMOVAL TO STATE**
                                              **COURT AND ADVERSE PARTIES**
13                 Plaintiff,

14        vs.                                 Complaint Filed:    01/07/2021
                                              Trial Date:         Not Set
15 CUSHMAN & WAKEFIELD U.S., INC. et
   al., KEVIN O'HAIR, and. Does 1 through 50,
16 inclusive,

17                 Defendants.

18

19 **TO THE CLERK OF THE SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

20 **COUNTY   OF   ALAMEDA,   PLAINTIFF   CECILIA   VALDOV1NOS   AND   HER**

21 **ATTORNEYS OF RECORD:**

22        **PLEASE TAKE NOTICE THAT** on _____, Defendant CUSHMAN &

23 WAKEFIELD U.S., INC. e-filed in the United States District Court for the Northern District of

24 California, Defendant CUSHMAN & WAKEFIELD U.S., INC.'S Notice of Removal of Action

25 to Federal Court under 28 U.S.C. §§ 1332 and 1441(a).  A true and correct *conformed* copy of

26 the Notice of Removal is attached hereto as **Exhibit 1**.

27        Pursuant to 28 U.S.C. Section 1446(d), the filing of the Notice of Removal in the federal

28 district court, together with the filing of a copy of the Notice of Removal with this Court, effect

1   the removal of this action, and this Court may proceed no further unless and until the case is

2   remanded.

3   Dated:  March 18, 2021                              JACKSON LEWIS P.C.

4

5                                                       By: _____

6                                                           Harold R. Jones
                                                            Attorneys for Defendants
7                                                           CUSHMAN & WAKEFIELD U.S., INC.
                                                            and KEVIN O'HAIR

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  4844-4129-0720, v. 1

Notice of Removal to State Court and Adverse Parties                    Case No. RG21085785